IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRIAN F. HOGAN                                                                      PLAINTIFF

VS.                                                CIVIL ACTION NO. 3:07cv616-DPJ-JCS

CHRISTOPHER EPPS, et al.                                                       DEFENDANTS

## REPORT AND RECOMMENDATION

This section 1983 cause is before the court on the motion of Defendants Christopher Epps, Emmitt Sparkman, Ricky Scott and Letitia Roach for summary judgment. Having considered the motion and Plaintiff's response, the undersigned recommends that the motion be granted in part and denied in part. The undersigned also recommends that the claims against Defendants Dwight Presley, Lawrence Kelly, Anthony Taylor and Dr. Kentrell Liddell be dismissed for failure to state a claim and that Defendants Glen Adams and Officer Dawkins be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 challenging prison officials' identification of him as a member of a Security Threat Group (STG) and the resulting downgrade in his custody status and placement in an STG housing unit. He subsequently amended his complaint to add a claim that he was assaulted by a prison officer, Defendant Dawkins, and that he was denied preventative tuberculosis treatment after he tested positive for the disease.

On December 4, 2001, while housed on Unit 32 at the Mississippi State Prison at Parchman, Mississippi, Plaintiff received a detention noticed informing him that he had been identified as a Security Threat Group (STG) leader. That same day, he was

transferred to a STG unit at Unit 17 at the prison. A hearing was held two days later; Defendant Glen Adams presided over the hearing. As a result of the hearing decision, Plaintiff has been held in STG segregation for the past seven and a half years. From December 4, 2001 through September 30, 2004, he was housed in the STG unit at Unit 17 at Parchman. From September 30, 2004 through August 6, 2007 he was housed in the STF unit at Unit 32 A at Parchman. Since August 6, 2007, he has been housed in an STG unit at South Mississippi Correctional Facility. Plaintiff contends that the procedure by which he was reclassified to D custody and placed in the STG unit did not comport with the requirements of due process.

In order to state a viable claim for denial of due process, a prisoner must establish that he has been deprived of a constitutionally protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Coleman v. Dretke*, 395 F.3d 216, 221 (5th Cir. 2004). Generally, changes in custody status or confinement in segregation do not implicate a liberty interest. *See Luken v. Scott*, 71 F. 3d 192, 193 (1995). An exception to this general rule exists where the change in custody status or placement in segregation results in conditions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Wilkinson*, for example, the Supreme Court considered the question of whether inmates had a liberty interest in avoiding placement in a supermax prison where the prisoners were held in extreme isolation, in cells which remained lighted 24 hours a day. The cells had solid metal doors with metal strips on the sides and bottoms, preventing communication with other inmates. Recreation was limited to an indoor

2

recreation cell. Visitation was only rarely permitted and in all events was conducted through a glass wall. Inmates were deprived of almost all outside stimuli and human contact for an indefinite period of time limited only by the length of their sentences and without eligibility for parole while incarcerated in the facility. The Court held that these conditions were sufficiently severe to give rise to a liberty interest on the part of inmates in avoiding assignment to the supermax prison.[1]

Plaintiff's sworn complaint and sworn response to the motion for summary judgment describe the general conditions in the STG units. Plaintiff's STG segregation involves isolation in a single-man cell 23 hours a day during the week and 24 hours a day on weekends. His one-hour yard call on weekdays is in a one-man exercise yard. All meals are taken in his cell. He is allowed no visitation and no phone calls and does not have access to television or radio. Hogan states that he cannot "freely" communicate with other inmates but does not describe the exact nature of the restriction. He does not deny that there is periodic review of his status, but he complains that the review is not meaningful. He also describes general conditions in the units. For example, inmates often flood the cells with water, and he cannot protect his feet because inmates in the unit are allowed to wear only shower slides. He states that at Unit 17 he was subjected to foul odors, poor ventilation, infestations by mosquitos and poisonous spiders. At Unit 32A, the excessive noise level resulted in constant sleep deprivation, a condition which also exists at his present unit. Currently, he his housed in a cell behind a solid steel door

---

[1]The Court held, however, that the state's informal, nonadversary procedures for assignment to the supermax prisons comported with due process.

with no fan for ventilation.  According to Hogan, the days spent in an STG unit do not count toward the accumulation of good time credits nor toward trusty status.  He also complains about the fact that during any transfer he is handcuffed and shackled and that because of this practice, a prison official, Officer Dawkins, was able to assault him by stepping on his shackles and pushing him off of a step, causing him to fall down on his face.  According to Plaintiff, the only way in which a prisoner may be moved from an STG unit is to complete a three-phase renunciation program and debrief.

Defendants have supported their motion with no evidence as to the conditions or restrictions in the STG units, the nature or frequency of the review accorded inmates in the units, or the circumstances under which an inmate may be removed from SGT segregation.  There is likewise no evidence from them addressing the extent to which the conditions and restrictions of STG segregation are significantly harsh when compared with the ordinary incidents of prison life.[2]  The undersigned recognizes that when the state does in fact present proof on these issues, the result may very well be a finding that some of Plaintiff's representations are untrue or that the actual conditions on the STG units place this case in the category of others involving harsh conditions or restrictive segregation in which the Fifth Circuit has concluded that no liberty interest was

---

[2]Movants have attached several documents and records to their motion, including Plaintiff's disciplinary records, incident reports, administrative remedy program records, medical records, and classification records.  None of these documents is accompanied by an affidavit authenticating it and establishing that it is a record kept in the ordinary course of business.  Accordingly, these documents do not constitute admissible evidence and may not be considered by the court in ruling on the motion.  In any event, none of these documents addresses the nature of the restrictions imposed upon inmates placed in the STG unit.

4

implicated.  *See, e.g. Harper v. Showers*, 174 F.3d 717 (5th Cir. 1999) (placement in segregation under 24-hour observation, in cells smeared with feces and next to psychiatric patients who screamed, beat on metal toilets, flooded the cells and threw feces, making it impossible to sleep for days at a time, did not implicate liberty interest); *Hernandez v. Velasquez*, 522 F.3d 556 (5th Cir. 2008) (no liberty interest in avoiding placement in STG unit with no opportunity for outdoor exercise or to leave cell except for showers, medical appointments, and family visits).  However, in the absence of any proof to the contrary, the undersigned is compelled to accept Plaintiff's evidence as true.  Plaintiff's sworn statements describe a degree of isolation and deprivation in the STG units which is similar enough to condition in *Wilkinson* to at least raise the possibility that placement in STG segregation for over seven years implicates a liberty interest.   For this reason, the undersigned recommends that summary judgment be denied on this claim.

The undersigned concludes, however, that Defendants are entitled to summary judgment on Plaintiff's remaining claims.  To the extent that Plaintiff is asserting a claim for loss of the opportunity to accumulate good-time credits because of placement in segregation without due process, this claim fails as a matter of law.  *See Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995) (loss of opportunity to accumulate good time credits does not implicate a liberty interest). Plaintiff's claims against Defendants Presley, Kelly, and Taylor all concern the alleged assault.  He alleges that Presley, the Unit 32 warden at Parchman, and Kelly, the prison superintendent, failed to enforce a policy against use of unnecessary force.  He claims Taylor, a prison officer, should also be held liable for the assault because he should have realized from Dawkins' demeanor that Dawkins intended

5

to assault Plaintiff.  None of these allegations rise to the level of a constitutional violation.  Accordingly, the undersigned recommends that Presley, Kelly and Taylor be dismissed as defendants.

The undersigned also recommends dismissal of Plaintiff's medical claim, which is asserted against Dr. Kentrell Liddell, a former prison medical director.  Plaintiff states that he tested positive for latent tuberculosis (TB) in 2005 but was not given preventative medication until 2008 and that he later developed active TB.  He seeks to hold Liddell liable for failing to train medical staff as to the proper response to a positive TB test and also for failure to develop written infection control policies.  The undersigned concludes that these allegations fail to state a claim.  Plaintiff's personal opinion that a positive latent TB test demanded preventative treatment is insufficient to state a claim even for negligence, much less for deliberate indifference on the part of Dr. Liddell or any other medical professional.  Plaintiff's general allegations about infection control likewise fail to rise to the level of a constitutional claim.

On June 16, 2009 this court entered a show cause order giving notice that the undersigned would recommend dismissal of Defendants Dawkins and Adams pursuant to Rule 4(m) of the Federal Rules of Civil Procedure unless Plaintiff showed good cause as to why he should be given additional time for service of process.   Plaintiff has responded to the show cause order, but he has failed to offer any new information or arguments as to how additional time will allow him to effect service of process on these defendants.[3]

---

[3]Dawkins and Adams are no longer employed by MDOC.  Defendants have previously provided Plaintiff with Dawkins' and Adams' last known addresses.

Accordingly, the undersigned recommends that Defendants Dawkins and Adams be dismissed without prejudice.

In summary, the undersigned recommends that summary judgment be denied on Plaintiff's claim for placement in STG segregation without due process. The undersigned recommends that all other claims be dismissed, that Defendants Adams and Dawkins be dismissed without prejudice, and that Defendants Presley, Kelly, Taylor and Liddell be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report on or before July 21, 2009, will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 6th day of July, 2009.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE