UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRIAN F. HOGAN                                                        PLAINTIFF

VS.                             CIVIL ACTION NO. 3:07CV616 DPJ-JCS

CHRISTOPHER EPPS, ET AL.                                    DEFENDANTS

ORDER

This cause came on this date to be heard upon the Report and Recommendation of United States Magistrate Judge James C. Sumner, after referral of hearing by this Court. The Court, having fully reviewed the well-reasoned and thorough Report and Recommendation of the United States Magistrate Judge entered in this cause, along with the Objections filed by the parties, finds that said Report and Recommendation should be adopted as the opinion of this Court.

Judge Sumner recommended granting in part and denying in part Defendants' motion for summary judgment. Defendants object to denial of their motion for summary judgment as to Plaintiff's due process claim, but the Court agrees with Judge Sumner that questions of fact preclude summary judgment as to this claim. Likewise, Plaintiff objects to the recommendation to grant summary judgment as to his medical claim. Plaintiff's Objection is not well-taken. He has failed to present evidence to support a claim of deliberate indifference, and the case he relies on, *Hill v. Marshall*, 962 F.2d 1209, 1211 (6th Cir. 1992), is distinguishable in that the plaintiff in *Hill* presented expert testimony.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge James C. Sumner [75] be, and the same is hereby, adopted as the finding of this Court. Consistent with that Report and Recommendation, Defendants' motion for summary

judgment [62] is granted in part and denied in part and Plaintiff's Motion to Show Cause [73] is denied.[1]  In addition, Plaintiff's Motion for Declaratory Judgment [67], in which he seeks a declaration "whether the mandatory language of M.D.O.C. policies confers a state create [sic] liberty interest in avoiding placement in M.D.O.C.'s STG Management Units" is terminated as moot.  The relief Plaintiff seeks in this motion is repetitive of the relief he seeks in his original complaint.  Judge Sumner allowed Plaintiff's due process claim to go forward, recommending denial of summary judgment and noting that Plaintiff's allegations "at least raise the possibility that placement in STG segregation for over seven years implicates a liberty interest." R&R at 5.[2]  Finally, Plaintiff's "Petition for Writ of Habeas Corpus Ad Testificandum" [77], in which he asks the Court to require Mississippi Department of Corrections to bring him to Court for a trial scheduled September 1, 2009, is denied as moot.  This case was removed from its trial setting on August 13, 2009 and will be rescheduled at a later date.

As provided for in Judge Sumner's Report and Recommendation, Plaintiff's claim for placement in STG segregation without due process survives; all other claims are dismissed; Defendant Adams and Dawkins are dismissed without prejudice; and Defendants Presley, Kelly,

---

[1] This document was actually Plaintiff's Response to the Court's Order to Show Cause [71] and was addressed by Judge Sumner in his Report and Recommendation, *see* R&R at 6.

[2] The undersigned also notes that Judge Sumner addressed several cases that Plaintiff cites in his Motion for Declaratory Relief, including *Wilkinson v. Austin*, 545 U.S. 209 (2005) and *Sandin v. Conner*, 515 U.S. 472 (1995).

Taylor and Liddell are dismissed with prejudice. Judge Sumner is directed to enter a scheduling order consistent with this opinion.

**SO ORDERED AND ADJUDGED** this the 8th day of December, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE