IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRIAN F. HOGAN   PLAINTIFF

VS.   CIVIL ACTION NO. 3:07cv616-DPJ-FKB

CHRISTOPHER EPPS, et al.   DEFENDANTS

## OPINION AND ORDER

This cause is before the court on Plaintiff's motion for a preliminary injunction, to show cause, and for a temporary restraining order [92]. The undersigned, having held an evidentiary hearing on the motion, concludes for the reasons stated herein that the motions should be denied.

Plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 challenging prison officials' identification of him as a member of a Security Threat Group (STG) and the resulting downgrade in his custody status and placement in an STG housing unit. In his motion, he seeks preliminary injunctive relief in the form of release from STG custody. The evidence presented by him at the hearing and in support of the motion established that on December 4, 2001, while housed on Unit 32 at the Mississippi State Prison at Parchman, Mississippi, Plaintiff received a detention notice informing him that he had been identified as a Security Threat Group (STG) leader. That same day, he was transferred to an STG unit at Unit 17 at the prison. A hearing was held two days later at which he was found to be an STG leader. Plaintiff has been held in STG segregation since that time - first at Parchman, and presently at the South Mississippi Correctional Facility.

At the hearing before the undersigned, Plaintiff testified that he was misidentified

by prison officials as a STG leader, that he was given inadequate notice of the prison hearing, and that no evidence was presented establishing that he qualified for STG administrative segregation. He also testified as to the harsh and restrictive conditions of STG segregation.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). That test requires that a plaintiff seeking injunctive relief establish the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that the threat and injury to the plaintiff outweighs the threat and harm the injunction may do to the defendants; and (4) that granting the injunction will not disserve the public interest. *Mississippi Power & Light Co.*, 760 F.2d at 621. These requirements are not balanced, but rather each one must be met before a court can grant relief. *Id.*

In the present case, the second of these requirements is fatal to Plaintiff's motion. Plaintiff has been in STG segregation for over eight years; thus, he can hardly claim that he will suffer irreparable injury by remaining there until the trial of this matter. He testified that the conditions in segregation led him to cut himself on one occasion and take "a bunch of pills." However, he also testified that he is being treated with an antipsychotic drug as well as an antidepressant, that he has been diagnosed with an anger disorder, and that he constantly struggles with violent thoughts. Thus, while the evidence indicates that Plaintiff suffers from a mental disorder, there was no persuasive evidence that his

disorder has been caused or is being exacerbated by his confinement in STG segregation. Hogan offered no other evidence of harm as a result of his classification. Thus, he has failed to meet the irreparable harm prong of the *Canal Authority* test.

For these reasons, Plaintiff's motions are hereby denied.

So ordered, this the 27th day of September, 2010.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE

3